WALTER C. LATHAM v. WYATT TAYLOR AND WIFE, LILLIAN P. TAYLOR; BAPTIST CHILDREN'S HOMES OF NORTH CAROLINA, INC.; CORNELIUS VAN SCHAAK ROOSEVELT, SINGLE; THEODORE ROOSEVELT III, AND WIFE, ANNE BABCOCK ROOSEVELT; GRACE ROOSEVELT McMILLAN AND HUSBAND, WILLIAM McMILLAN; FRANCES WEBB ROOSEVELT, WIDOW; BY AND THROUGH THEIR LEGALLY CONSTITUTED ATTORNEY IN FACT, GEORGE H. McNEILL

No. 703SC663

(Filed 30 December 1970)

Deeds § 19— validity of restrictive covenant

A restrictive covenant which provided that the property "shall not be used for any manufacturing, industrial or apartment house purposes, its use being restricted to residential and/or recreational and educational purposes for children and adults to be carried on in connection with and as a part of a camp for children or adults operated as a business enterprise," *held* not void for vagueness.

APPEAL by plaintiff from *James, Superior Court Judge,* 12 August 1970 Session of Superior Court held in CARTERET County.

On 31 October 1952 the defendants Cornelius Van Schaak Roosevelt; Theodore Roosevelt III, and wife, Anne Babcock Roosevelt; Grace Roosevelt McMillan and husband, William McMillan; and Frances Webb Roosevelt (hereinafter referred to as Roosevelts), together with Theodore Roosevelt, Trustee, conveyed a tract of land located on the Atlantic Ocean in Carteret County to Wyatt Taylor and wife, Lillian Taylor (hereinafter

referred to as Taylors). The deed from the Roosevelts to the Taylors is recorded in the Carteret County Registry in Book 142, page 368. This deed contains certain restrictions and reservations as to the use of the land. The pertinent portions read:

> "This property shall not be used for any manufacturing, industrial or apartment house purposes, its use being restricted to residential and/or recreational and educational purposes for children and adults to be carried on in connection with and as a part of a camp for children or adults operated as a business enterprise. This restriction shall remain in effect until the first day of the year 2000 A.D."

By deed dated 8 July 1965, the Taylors conveyed a portion of the lands described in the deed to them from the Roosevelts to the Baptist Children's Homes of North Carolina, Inc., and made the conveyance subject to the same reservations and restrictions contained in the deed recorded in Book 142, page 368, of the Carteret County Registry.

By deed dated 7 January 1966, the Taylors conveyed another portion of the lands described in the deed to them from the Roosevelts to the plaintiff, Walter C. Latham; and, by admission in the pleadings, this conveyance was made subject to the same reservations and restrictions contained in the deed recorded in Book 142, page 368, of the Carteret County Registry.

This action was brought under the provisions of the Uniform Declaratory Judgment Act, G.S. 1-253, et seq. The plaintiff alleges that the restrictions as to use is vague, uncertain and not in furtherance of any general plan or scheme to develop said property on an orderly basis and seeks to have that portion of the restrictions hereinabove set forth declared void for vagueness and uncertainty.

Jury trial was waived. Upon the admissions in the pleadings and stipulations of the parties, the court made findings of fact, conclusions of law, and adjudged "that the restrictive covenants, which are subject of this proceeding, are not void for vagueness, uncertainty or indefiniteness * * * ."

To the signing of the judgment, the plaintiff appealed to the Court of Appeals.

*Thomas S. Bennett for plaintiff appellant.*

*Poyner, Geraghty, Hartsfield & Townsend by Marshall B. Hartsfield for defendants Taylor.*

*George H. McNeill for defendants Roosevelt.*

*Blackwell, Blackwell, Canady, Eller & Jones by Walter R. Jones, Jr., for Baptist Children's Homes of North Carolina, Inc.*

MALLARD, Chief Judge.

The question for decision is whether the restrictive covenant hereinabove set forth is void for vagueness, uncertainty and indefiniteness.

The general rule with respect to restrictive covenants is set forth in 3 Strong, N.C. Index 2d, Deeds, § 19, as follows:

"Covenants restricting the use of land are not impolitic, and the owner of land may insert any restrictive covenants that he deems fit, so long as the beneficial enjoyment of the estate is not materially impaired and the public good and interest are not violated. However, such covenants impose servitudes in derogation of the usual right to the free and unfettered use of land by the owner, and are to be strictly construed against limitation on use."

Applying the above general rule to the restrictions involved here, we are of the opinion and so hold that the trial judge correctly ruled that they are not void for vagueness, uncertainty or indefiniteness.

Affirmed.

Judges PARKER and GRAHAM concur.